Pappas v. USA                        CV-95-244-M    11/21/95

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


William Pappas and Antonie H. Pappas,
      Plaintiffs,

      v.                                         Civil No. 95-244-M

United States of America,
United States Postal Service,
      Defendant.


                            O R D E R


      Plaintiffs, William and Antonie Pappas, bring this action
against the United States under the Federal Tort Claims Act, 28
U.S.C. §§1346(b), 2401(b), 2671, et seq (the "FTCA").  They seek
damages for injuries which Mr. Pappas sustained when he tripped
over bolts allegedly left in a sidewalk by the United States
Postal Service.  Mr. Pappas originally filed a Claim for Damage,
Injury of Death (form 95) with the Postal Service, seeking
$5,000.00 in damages.  By letter dated November 16, 1994, the
United States denied his claim.  This proceeding ensued.


      Plaintiffs now move to amend the ad damnum from the
$5,000.00 claim originally set forth in Mr. Pappas'
administrative claim to $150,000.00.  The United States objects.

Plaintiffs' ability to amend the amount of their claim is governed by FTCA, which provides:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. §2675(b). In Reilly v. United States, 863 F.2d 149 (1st Cir. 1988), the court of appeals for this circuit addressed this statute in detail and stated:

> Because the statute itself renders the state of a claimant's knowledge (actual or constructive) at the time of presentment of the claim of decretory significance, the mechanics of a §2675(b) inquiry must be double-barrelled: What should the party have known? When should she have known it? To be binding in this context, knowledge need not be certain. In the same vein, intelligence which serves only to bear out earlier suspicions cannot unlock the FTCA's narrow escape hatch. Diagnoses which are no more than cumulative and confirmatory of earlier diagnoses are neither "newly discovered evidence" nor "intervening facts" for the purposes of §2675(b). We agree with the Second Circuit that the statute demands a showing that "some new and previously unforeseen information came to light" between the time of filing the administrative claim and the trial on damages. And, the newly-emergent datum must be material.

2

Id. at 171 (citations omitted). The court then concluded that "[t]he mere fact that [] dread consequences, feared from the beginning, had become more certain does not suffice to brand them `newly discovered.'" Id. at 172.

In support of their motion, plaintiffs have made the following allegations:

> Although plaintiff's injury, at the time the administrative claim was filed, appeared to have stabilized, it has since worsened.
>
> Although his doctors had instructed him that he should be able to return to the active sports he normally enjoys, he has been unable to do so without increased swelling and discoloration on his affected joint.
>
> While [sic] plaintiff has recently consulted with a new physician, who has indicated that he may have [sic] need surgery, or at least future steroid injections. These complications are unforeseeable consequences, which were not apparent at the time the plaintiff originally filed his administrative claim.

Plaintiffs' motion to amend, ¶¶ 2-4. The only evidence which plaintiffs have supplied in support of their claims are the notes of Dr. John O'Connor, dated June 15, 1995, which provide:

> Impression: Traumatic olecranon bursitis. These can be painful for a long time and certainly can be limiting, however, he has rested for a year so I think at this point he should gradually increase his activities to see how he does. He certainly may have

3

> inflammation of the olecranon but this will not hurt his elbow joint.  If it is a persistent problem that does not resolve then he may need surgery for it or at least steroid injections.  In any case, will [sic] see how he does with conservative management and I think that he should be able to get back to all of his normal activities without any surgery.

Exhibit A to plaintiffs' motion to amend.


Simply stated, plaintiffs have failed to carry their burden of proof.  They have not shown why the possibility that Mr. Pappas _might_ need either surgery or steroid injections was not (or should not have been) known when they presented their administrative claim.  Nor have they proved that Mr. Pappas' inability to return to his normal sporting activities was not (and could not have reasonably been) anticipated when they filed their administrative claim.  Nor have they demonstrated that Dr. O'Connor's diagnosis is anything other than "cumulative and confirmatory of earlier diagnoses."  Reilly, 863 F.2d at 171.  Accordingly, plaintiffs have failed to show that the request to amend their claim for damages is based on "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."  28 U.S.C. §2675(b).

4

Plaintiffs' motion to amend demand for damages (document no. 4) is denied, without prejudice.  Plaintiffs are granted leave until December 22, 1995, to file a properly supported motion to amend, _provided_ counsel can, in good faith, make such a motion based upon the facts and circumstances of this case _and_ controlling circuit precedent (or a well founded, good faith argument that such circuit precedent is incorrect as a matter of law, in light of controlling Supreme Court precedent).


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

November 21, 1995

cc:  Thomas E. Craig, Esq.
     Gretchen Leah Witt, Esq.p